UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

VICTOR MANUEL PEREZ PEREZ,

                Plaintiff,

-against-

UNITED STATES CITIZENSHIP AND
IMMIGRATION SERVICES (USCIS),

                Defendant.

1:25-CV-5553 (LTS)

ORDER OF DISMISSAL

LAURA TAYLOR SWAIN, Chief United States District Judge:

      By order dated July 24, 2025, the Court directed Plaintiff, within 30 days, to submit a completed request to proceed *in forma pauperis* ("IFP" or "IFP application") or pay the $405.00 in fees required to file a civil action in this court. That order specified that failure to comply would result in dismissal of this action. Plaintiff has neither filed an IFP application nor paid the fees.[1] Accordingly, the Court dismisses this action without prejudice. *See* 28 U.S.C. §§ 1914, 1915.

---

[1] On August 7, 2025, Plaintiff filed a submission styled as an "Opposition to Judge's Order" (ECF 4), in which he opposes the Court's instructions in its July 24, 2025 order. In that submission, Plaintiff states that that "order's rigid [30-day] deadline for fee payment or IFP application submission does not adequately account for the challenges faced by pro se litigants, such as limited access to legal resources and potential delays in receiving court communications." (*Id.* at 2.) He also states that his "financial situation warrants consideration for IFP status . . . .[and that the] $405.00 fee imposes a significant financial burden on . . .[him as he] . . . has demonstrated an inability to prepay such fees." (*Id.* (footnote omitted).) Yet, he provides no information as to his financial situation and as to why he is unable to pay the fees. He asks that the Court "grant . . . [his] request to proceed IFP, allowing the case to be heard on its merits without the barrier of financial constraints." (*Id.*) Plaintiff also asks this Court to "reconsider its order dated July 24, 2025, and grant . . . [his] application to proceed [IFP or,] . . . . [a]lternatively, . . . [grant] an extension of the deadline to comply with the order." (*Id.* at 3.)

      The Court makes clear here that Plaintiff has *never* filed an IFP application in this action nor paid the fees to bring this action. As the Court noted, in its July 24, 2025 order, Plaintiff neither filed an IFP application in this action nor paid the fees to bring this action when he filed his complaint, and, as also noted in this order, he has neither filed an IFP application in this action nor paid the fees to bring this action within the 30-day period allowed by the previous order. In addition, the Court notes here that Plaintiff has neither filed an IFP application in this

The Court certifies, under 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith and, therefore, IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

The Court directs the Clerk of Court to enter a judgment dismissing this action for the reason set forth in this order.

SO ORDERED.

Dated:  October 10, 2025
        New York, New York

                              /s/ Laura Taylor Swain
                              LAURA TAYLOR SWAIN
                              Chief United States District Judge

---

action nor paid the fees to bring this action *since* the abovementioned 30-day period has expired, which was more than 30 days ago. Accordingly, the Court denies all of Plaintiff's requests in his "Opposition to Judge's Order."